John Michael BRAY *v.* STATE of Arkansas

CR 95-436 908 S.W.2d 88

Supreme Court of Arkansas
Opinion delivered October 23, 1995

*Robert W. Bush*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

BRADLEY D. JESSON, Chief Justice. The appellant, John Michael Bray, was convicted of rape, kidnapping, and theft of property in Faulkner County Circuit Court, and was sentenced as a habitual offender to a cumulative term of 140 years' imprisonment. His sole point on appeal is that the trial court erred in admitting testimony during the sentencing phase of the trial regarding his prior conviction for attempted escape, when the State did not timely disclose the conviction. We affirm.

The day prior to Bray's December 14, 1994, jury trial, his counsel received discovery from the State regarding an attempted escape by Bray while he was incarcerated on the present charges in Independence County. Included in the discovery were forty-five pages of statements that Bray had given to police regarding the escape attempt. In addition, the name of Investigator Jeff Everetts of the Independence County Sheriff's Office was added to the witness list. Bray filed a written motion to suppress this information, complaining that the State had violated discovery rules. At a hearing on the motion prior to opening statements, the trial court observed that, while the State had violated discovery rules, Bray could not claim surprise. The trial court reserved ruling on the motion.

The State did not use any of the information regarding the attempted escape during the guilt phase of the trial. The jury returned verdicts of guilty on all three charges. During the sentencing phase on December 15, the State introduced evidence of Bray's prior felony convictions for perjury, possession of drug paraphernalia, and theft of property. Over Bray's objection, the State also introduced evidence of Bray's prior conviction for attempted escape in Independence County, as well as the testimony of Everetts. At the close of all the evidence, the trial court instructed the jury regarding the statutory range of punishment for a person convicted of more than one, but fewer than four felonies. Following deliberations, the jury recommended that

Bray be sentenced to 60 years for rape, 60 years for kidnapping, and 20 years for theft of property. The trial court entered judgment against Bray accordingly and ordered that the sentences be served consecutively.

 An accused is entitled to know, prior to trial, the range of possible punishment he faces. *Malone* v. *State*, 292 Ark. 243, 729 S.W.2d 167 (1987). Stated another way, under Ark. R. Crim. P. 17, an accused must be informed before trial of the number of previous convictions the State will attempt to introduce. *Id.* The information requested must be furnished in time to permit the beneficial use of it by the defense. *Id.* However, the key in determining if a reversible discovery violation exists is whether the appellant was prejudiced by the prosecutor's failure to disclose. *Burton* v. *State*, 314 Ark. 317, 862 S.W.2d 252 (1993). *See also Davis* v. *State*, 317 Ark. 592, 879 S.W.2d 439 (1994); *Biggers* v. *State*, 317 Ark. 414, 878 S.W.2d 717 (1994); *Robinson* v. *State*, 317 Ark. 407, 878 S.W.2d 405 (1994). If the State does not provide information pursuant to pretrial discovery procedures, the burden is on the appellant to establish that the omission was sufficient to undermine confidence in the outcome of the trial. *Burton* v. *State, supra; Davis* v. *State, supra.*

In reviewing the record before us, it is clear that Bray has not demonstrated that he was prejudiced by the admission of the evidence regarding his conviction for attempted escape. We think it significant that counsel for Bray concurred with the trial court's observations prior to opening statements that his client could not claim surprise:

> THE COURT: Oh, it is late, but let me ask you this: How can the defendant claim surprise? He knew whether he did or didn't escape, and he knew whether or not he made a statement to police, didn't he?
>
> COUNSEL FOR BRAY: I would assume he did.

In addition to counsel for Bray's concession that his client could not claim that he was surprised by the evidence of the attempted escape, Bray suffered no prejudice by the admission of this evidence because he was not subjected to a harsher range of punishment for persons convicted of four or more felonies.

 During the sentencing phase, the State introduced

evidence that Bray had four prior felony convictions: perjury, possession of drug paraphernalia, theft of property, and attempted escape. However, when the trial judge read the instructions to the jury, he informed them of the range of punishment for persons previously convicted of more than one, but fewer than four felonies, telling the jury that Bray had "at least two previous felony convictions." For Bray's convictions of rape and kidnapping, Class Y felonies, he instructed the jury that Bray could be sentenced to a term not less than ten years nor more than sixty years, or life. *See* Ark. Code Ann. § 5-4-501(a)(1) (Repl. 1993). For Bray's conviction for theft of property, he told the jury that Bray could be sentenced to a term of not less than three years nor more than twenty years. § 5-4-501(a)(4). While the trial judge, at the State's request, corrected the written instructions to reflect that Bray had "four" rather than "at least two" previous felony convictions, the range of punishment remained unchanged. For convictions of rape and kidnapping, Class Y felonies, Bray, who had four prior felony convictions, could have been sentenced to a term not less than ten years nor more than life. § 5-4-501(b)(1). For his conviction for theft of property, Bray could have been sentenced to a term of not less than three years nor more than *thirty* years. § 5-4-501(b)(4). (Emphasis added.) However, the jury was not instructed with regard to the increased range of punishment for a person with four or more previous felony convictions, and he was not sentenced pursuant to this increased range. Pursuant to the jury's recommendations, the trial judge sentenced Bray to 60 years for rape, 60 years for kidnapping, and 20 years for theft of property. Under these circumstances, Bray has not shown that he was prejudiced by the admission of evidence concerning his attempted escape conviction.

Affirmed.