2012 Ark. 222

**Joseph CHUNESTUDY, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 11–1161.**

Supreme Court of Arkansas.

May 24, 2012.

Paul J. Teufel, Jonesboro, for Appellant.

Dustin McDaniel, Atty. Gen., Valerie Glover Fortner, Asst. Atty. Gen., for Appellee.

PAUL E. DANIELSON, Justice.

Appellant Joseph Chunestudy appeals the judgment and commitment order of the Green County Circuit Court finding him guilty of rape and sentencing him to life imprisonment. On appeal, Chunestudy argues that the circuit court erred by (1) allowing the introduction of prior and subsequent acts into evidence; (2) allowing the State to comment on Chunestudy's right to remain silent; (3) allowing a supervisor with the Arkansas State Police to testify as an expert and lay witness during the guilt phase of trial; and (4) denying his motion for a directed verdict. We find no error and affirm.

Chunestudy did not present a proper challenge to the sufficiency of the evidence; therefore, only a brief recitation of the facts is necessary. Criminal charges were filed against Chunestudy on November 19, 2009, alleging that he raped his minor daughter in Green County, Arkansas, between the dates of March 1, 2003, and April 27, 2005. A jury trial began on August 10, 2011.

At trial, the State presented evidence, including the testimony of the victim herself, that Chunestudy had an ongoing, long-term sexual relationship, including sexual intercourse, with his minor daughter. The abuse began when they lived in Oklahoma when she was only eleven or twelve and continued after they moved to Arkansas, including when they resided in Greene County. When Chunestudy and the victim lived in Greene County, she was between the ages of fifteen and eighteen. Chunestudy later married her when she reached maturity, and they moved to Craighead County. The victim eventually moved back to Oklahoma to live with her ex-stepmother, where she disclosed the abuse. Her ex-stepmother called the authorities to report the relationship, and an investigation began, which led to Chunestudy's arrest.

The jury found Chunestudy guilty of rape and sentenced him to life imprisonment. It is from that conviction and sentence that he now appeals.

We first address Chunestudy's argument that the circuit court erred in denying his motion for directed verdict. Although, in his brief, Chunestudy challenges the circuit court's denial of his motion for directed verdict as his last point on appeal, this court determines challenges to the sufficiency of the evidence before addressing other points on appeal due to double-jeopardy concerns. *See Lacy v. State,* 2010 Ark. 388, 377 S.W.3d 227. The State contends that Chunestudy did not preserve this argument for appeal and, regardless, that his argument is without merit. We agree with the State that this issue is not preserved for our review.

Chunestudy admittedly failed to renew his motion at the close of all the evidence. The plain language of Rule 33.1 requires that the motion be renewed at the close of all the evidence. *See* Ark. R.Crim. P. 33.1(a)(c) (2011). The failure to do so operates as a waiver of any question relating to the sufficiency of the evidence to

support the jury's verdict. *See id. See also Davis v. State,* 2009 Ark. 478, 348 S.W.3d 553; *Cummings v. State,* 315 Ark. 541, 869 S.W.2d 17 (1994). We interpret Rule 33.1 strictly. *See Williamson v. State,* 2009 Ark. 568, 350 S.W.3d 787; *Grady v. State,* 350 Ark. 160, 85 S.W.3d 531 (2002). Therefore, Chunestudy's failure to renew his motion for directed verdict at the close of all the evidence operated as a waiver of his challenge to the sufficiency of the evidence to support the jury's verdict, and the issue is not preserved for our review.

■ Chunestudy argues that the circuit court erred when it allowed the State to introduce evidence of other sexual activity with the victim prior and subsequent to the offense dates of which he was charged. Specifically, he contends that the evidence was inadmissible pursuant to Ark. R. Evid. 404(b) as character evidence that had no relevance except to show his propensity to commit the crime charged and that the prejudicial effect of the evidence outweighed its probative value under Ark. R. Evid. 403. The State avers that the circuit court's rulings should be upheld as such evidence not only corroborated the victim's testimony of what occurred in Greene County during the years relevant to the charge, but also demonstrated Chunestudy's proclivity for sex with her and his opportunity, intent, and plan. We agree with the State and uphold the circuit court's evidentiary rulings.

Chunestudy filed two motions in limine asking the circuit court to prevent the introduction of sexual acts between he and the victim that occurred outside of the dates alleged in the information—March 1, 2003 to April 27, 2005—the time the two lived in Greene County. The State responded with its own motion, asking the court to permit the admission of the same. The circuit court found the prior sexual acts were admissible but reserved ruling on any acts subsequent to those dates. During the course of trial, the court also allowed the introduction of sexual acts that occurred subsequent to the dates alleged in the information. Specifically, Chunestudy contests that the circuit court erred by admitting the following evidence: Chunestudy's marriage to the victim in Craighead County; Chunestudy's arrest for incest in Craighead County; Chunestudy's admission that he had sex with his daughter, the victim, after she turned eighteen; the victim's testimony about Chunestudy allowing her to watch pornography and engaging in sexual intercourse with her when the two lived in Oklahoma; the victim's testimony regarding Chunestudy's sexual intercourse with her that occurred in Mountain View, Arkansas, prior to their move to Greene County, Arkansas; testimony of the victim about events after she reached maturity, such as moving to Jonesboro, the marriage to Chunestudy, a pregnancy, and their divorce; and, the victim's testimony that covered sexual acts that occurred over a ten-year time period in multiple jurisdictions.

■ Rule 404(b) provides that [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ark. R. Evid. 404(b) (2011). Evidence is not admissible under Rule 404(b) simply to show a prior bad act. *See Vance v. State,* 2011 Ark. 243, 383 S.W.3d 325. In reviewing the admission of evidence under Rule 404(b), this court has observed that circuit courts have broad discretion in deciding evidentiary issues, and their decisions are

not reversed absent an abuse of discretion. *See Rounsaville v. State*, 2009 Ark. 479, 346 S.W.3d 289. We review a circuit court's decision to admit evidence over a Rule 403 objection under an abuse-of-discretion standard as well. *See Flanery v. State*, 362 Ark. 311, 208 S.W.3d 187 (2005).

When the charge concerns the sexual abuse of a child, evidence of other crimes, wrongs, or acts, such as sexual abuse of that child or other children, is admissible to show motive, intent, or plan pursuant to Ark. R. Evid. 404(b). *See Hathcock v. State*, 357 Ark. 563, 182 S.W.3d 152 (2004). This is known as the "pedophile exception." *See id.* We have approved allowing evidence of the defendant's similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *See Kelley v. State*, 2009 Ark. 389, 327 S.W.3d 373. The rationale for this exception is that such evidence helps to prove the depraved sexual instinct of the accused. *See id.* For the pedophile exception to apply, we require that there be a sufficient degree of similarity between the evidence to be introduced and the sexual conduct of the defendant. *See id.* We also require that there be an "intimate relationship" between the perpetrator and the victim. *See id.*

Here, the victim's testimony fell squarely under the pedophile exception to Rule 404(b). The relationship between the victim and her father was clearly an intimate one. *See White v. State*, 367 Ark. 595, 242 S.W.3d 240 (2006). Furthermore, the similar acts she described were exactly of the same nature as the acts that occurred in the time frame listed in the information—it was an ongoing sexual relationship. We hold that the circuit court did not abuse its discretion in admitting this evidence.

We also do not find Chunestudy's Rule 403 argument convincing. Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Ark. R. Evid. 403 (2011). This court has noted that evidence offered by the State is often likely to be prejudicial to the accused, but the evidence should not be excluded unless the accused can show that it lacks probative value in view of the risk of unfair prejudice. *See Eubanks v. State*, 2009 Ark. 170, 303 S.W.3d 450 (2009).

In cases involving evidence subject to the pedophile exception, we have looked to the similarities between the alleged prior conduct and the charged conduct to determine whether they make the evidence probative on the issue of the accused's motive, intent, preparation, plan, and scheme. *See id.* When the similarities are significant, we have permitted the evidence, despite the prejudice to the accused. *See id.* We have also noted that the evidence is permissible when the similarities make it probative on the issue of the accused's deviate sexual impulses. *See id.*

As for the other evidence specifically listed by Chunestudy as having been admitted erroneously that was not sexual conduct, including evidence regarding the marriage, the pregnancy, and the divorce, no contemporaneous objections were made. While Chunestudy did make a continuing objection on the record pursuant to Rule 403 to "any evidence regarding anything that happened after Greene County," he failed to expand on that broad objection at the time evidence applicable to that

objection was admitted and illustrate why that particular piece of evidence was more prejudicial than probative. Therefore, the only Rule 403 argument that Chunestudy made below, and the only one he now presents on appeal, is that the evidence should have been "limited to what occurred in Greene County" and that "the majority of the evidence presented at trial concerned acts that occurred in other jurisdictions." We fail to see how that is a meritorious argument illustrating how the specific evidence objected to was more prejudicial than probative. Accordingly, we affirm on this point.

██ Chunestudy next argues that several times during the trial, the State, or one of its witnesses, made a comment that violated Chunestudy's constitutional right to remain silent. Chunestudy concedes that he did not make a timely objection and argument regarding the exercise of his right to remain silent; however, he argues that it is properly presented on appeal because one of the four exceptions outlined in *Wicks v. State,* 270 Ark. 781, 606 S.W.2d 366 (1980), applies. The State avers that the *Wicks* exceptions do not apply, that the issue was not properly preserved, and that, regardless, the argument is without merit. We agree with the State that the *Wicks* exceptions do not apply and that the argument is not properly preserved.

During trial, Detective Todd Nelson testified that before he questioned Chunestudy, he advised him of his *Miranda* rights. Nelson testified that Chunestudy then stated he thought he might need to talk to an attorney, so Nelson concluded the interview and placed Chunestudy back in a holding cell. However, Nelson was later notified that Chunestudy requested to speak to him and asked if he could make a statement, but stop answering questions if he wanted to stop answering at some point. Nelson informed Chunestudy that

he could and then resumed his interview, which was entered into evidence and played for the jury. Chunestudy takes issue with a line of questioning in which the prosecutor asked Nelson about when Chunestudy was asked if he had sex with his daughter when she was a minor and Nelson testified that Chunestudy did not want to talk about it and had responded with, "I can't say that" or "I can't say that I didn't." Additionally, Chunestudy contends that Officer Shannon Anthony should not have been allowed to testify that after he read Chunestudy his *Miranda* warning, Chunestudy chose not to give a statement.

Chunestudy continues this point by arguing that the prosecutor was erroneously allowed to make statements that violated Chunestudy's right to remain silent during closing arguments such as: Chunestudy just "sat there" when he was confronted by Nelson; Chunestudy—who took the stand at trial—did not "sound like a man that is fighting, that is offering an explanation for the accusation against him of having sex with his daughter"; Chunestudy had not "put up much of a fight . . . doesn't say she is lying, I deny it, it didn't happen . . . doesn't say anything other than I can't say either way"; and "I guarantee you wild horses could have given me a lot better explanation if I am being accused of something that I didn't do."

██ However, as admitted by Chunestudy, no objection was presented to the circuit court when these statements were made by the witnesses of the State and by the prosecutor. The law is well settled that to preserve an issue for appeal a defendant must object at the first opportunity. *See Holt v. State,* 2011 Ark. 391, 384 S.W.3d 498; *Pyle v. State,* 340 Ark. 53, 8 S.W.3d 491 (2000). A party who does not object to the introduction of evidence at the first opportunity waives such argu-

ment on appeal. *See Holt, supra.* This court has previously refused to reach the merits of an appellant's argument that the prosecutor's remarks violated his rights under the Fifth Amendment to the United States Constitution to remain silent and not be compelled to be a witness against himself because there was not a contemporaneous objection below. *See, e.g., Smith v. State,* 330 Ark. 50, 953 S.W.2d 870 (1997).

We are not inclined to hold, as Chunestudy suggests, that the third exception enumerated in *Wicks, supra,* applies to the case at bar. The *Wicks* court wrote as follows:

A third exception is a mere possibility, for it has not yet occurred in any case. That relates to the trial court's duty to intervene, without an objection, and correct a serious error either by an admonition to the jury or by ordering a mistrial. We implied in *Wilson v. State,* 126 Ark. 354, 190 S.W. 441 (1916), that no objection is necessary if the trial court fails to control a prosecutor's closing argument and allows him to go too far: "Appellant can not predicate error upon the failure of the court to make a ruling that he did not at the time ask the court to make, unless the remarks were so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury not to consider the same. *See Kansas City So. Ry. Co. v. Murphy,* 74 Ark. 256 [85 S.W. 428 (1905)]; *Harding v. State,* 94 Ark. 65 [126 S.W. 90 (1910)].

*Wicks,* 270 Ark. at 786, 606 S.W.2d at 369–70. The *Wicks* court also rendered the following caution:

It must be noted that, first, we did not reverse the judgment in *Wilson,* and second, the quoted statement was taken essentially from the cited *Murphy* case,

where we went on to say explicitly that if the court fails to restrain an improper argument, counsel should make a definite objection and call for a ruling. We have mentioned the *Wilson* suggestion in two recent cases, but in neither one was the judgment actually reversed because of the trial court's failure to act on its own motion. *Ply v. State,* 270 Ark. 554, 606 S.W.2d 556 (1980); *Wilson and Dancy v. State,* 261 Ark. 820, 552 S.W.2d 223 (1977). Thus, every statement of the original *Wilson* suggestion has been obiter dictum, because no judgment has been reversed on account of the trial court's failure to intervene. Such a reversal would necessarily be an extremely rare exception to our basic rule.

*Id.* at 786–87, 606 S.W.2d at 370 (emphasis added); *see also McKenzie v. State,* 362 Ark. 257, 208 S.W.3d 173 (2005) (refusing to apply third Wicks exception in the case of alleged improper cross-examination and closing argument); *Vaughn v. State,* 338 Ark. 220, 992 S.W.2d 785 (1999) (refusing to apply third Wicks exception in the case of alleged improper cross-examination).

■■■ Our case law is clear that *Wicks* presents only narrow exceptions that are to be rarely applied. *See Anderson v. State,* 353 Ark. 384, 108 S.W.3d 592 (2003). Specifically, the third exception has been applied very rarely to cases including the right to a twelve-person jury, violations of Ark.Code Ann. § 16–89–125(e) (Repl.2005), and statements by a prosecutor in voir dire which have the effect of shifting the burden of proof. *See, e.g., Ayala v. State,* 365 Ark. 192, 226 S.W.3d 766 (2006); *Anderson, supra; Goff v. State,* 329 Ark. 513, 953 S.W.2d 38 (1997); *Grinning v. City of Pine Bluff,* 322 Ark. 45, 907 S.W.2d 690 (1995). We, therefore, conclude that the errors of which Chunestudy now complains are not of the sort that fall into the third *Wicks* exception and that would re-

quire the circuit court to intervene on its own motion.

For his final point on appeal, Chunestudy contends that the circuit court erred in allowing Lea Ann Vanaman, a supervisor with the Crimes Against Children Division of the Arkansas State Police, to testify. His argument is twofold: (1) that he was not provided adequate notice or discovery for the witness and (2) she was not qualified to testify as an expert because she had no specialized knowledge, her testimony was not relevant, and her testimony was not based on her perceptions and served only to mislead the jury. The State argues that Chunestudy is bound by the only objection presented below, that he had not been given adequate notice of her status as a witness, and that the circuit court did not err in allowing the testimony.

When the State called Vanaman, Chunestudy did present a twofold objection. He argued:

Number one, she was placed on the witness list Sunday. She was in no way associated in the file of the State, or in any type of motion for discovery that I filed

. . . .

And number two, my limited understanding is that she knows nothing about this case specifically, that I don't believe she's ever spoken with [the victim], and so my objection and my question is that she does not does not [sic] have any evidence or testimony to offer that will help establish the guilt or innocence of the defendant.

As the State contends, Chunestudy did not argue below, as he attempts on appeal, that Vanaman's testimony was not proper opinion testimony of a lay witness pursuant to Rule 701 of the Arkansas Rules of Evidence or that she was not qualified as an expert under Rule 702 of the Arkansas Rules of Evidence. The general rule is that this court does not consider arguments, even constitutional ones, raised for the first time on appeal. *See Davis v. State*, 2009 Ark. 478, 348 S.W.3d 553. Additionally, the record reveals that Vanaman was never qualified as an expert. For these reasons, we will not address those arguments. However, we will address the circuit court's decision to allow the testimony in spite of the short notice and over Chunestudy's objection that it failed to help establish the guilt or innocence of the defendant—a general relevancy argument.

Rule 17.1 of the Arkansas Rules of Criminal Procedure requires the prosecuting attorney to provide to the defense counsel, upon request, certain information and material which is, or may come into, the possession, control, or knowledge of the prosecuting attorney. Specifically, the rule provides in pertinent part:

(a) Subject to the provisions of Rules 17.5 and 19.4, the prosecuting attorney shall disclose to defense counsel, upon timely request, the following material and information which is or may come within the possession, control, or knowledge of the prosecuting attorney:

(i) the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at any hearing or at trial;

. . .

(vi) any record of prior criminal convictions of persons whom the prosecuting attorney intends to call as witnesses at any hearing or at trial, if the prosecuting attorney has such information.

Ark. R.Crim. P. 17.1(a) (2011).

It is well settled that the purpose of the discovery rules is to require the State to disclose its evidence to the defendant in time for the defendant to make beneficial use of the information.

See Thomas v. State, 312 Ark. 158, 847 S.W.2d 695 (1993). The standard of review for imposing sanctions for discovery violations is whether there has been an abuse of discretion. See Hicks v. State, 340 Ark. 605, 12 S.W.3d 219 (2000). This court has said that "the key in determining if a reversible discovery violation exists is whether the appellant was prejudiced by the prosecutor's failure to disclose." Bray v. State, 322 Ark. 178, 180, 908 S.W.2d 88, 89 (1995). The burden is on the appellant to prove that the discovery violations were sufficient to undermine the confidence in the outcome of the trial. See id. Even if a discovery violation has occurred, this court will not reverse, if the error is harmless. See, e.g., Mosley v. State, 323 Ark. 244, 914 S.W.2d 731 (1996).

While Vanaman was not placed on the State's witness list until the Sunday before the trial (which began on Wednesday), we fail to find any prejudice to Chunestudy by the short notice. The State placed Vanaman on the witness list prior to trial and announced Vanaman as a witness during voir dire. Chunestudy never objected at those times, nor notified the court or the State at any time prior to the State calling her to testify that he had not had a chance to meet with Vanaman. Vanaman was not called to testify until the second day of trial, which was Thursday, four days after she had been placed on the witness list. The circuit court also gave Chunestudy's counsel time to meet with Vanaman before cross-examination to prevent any unfair surprise. Furthermore, Chunestudy fails to argue that anything occurred during Vanaman's testimony that was detrimental and that could have been prevented had Vanaman been put on the witness list sooner. This court has repeatedly refused to find reversible error in these cases without a showing of prejudice. See, e.g., Davis v. State, 318 Ark. 212, 885 S.W.2d 292 (1994); Brooks v. State, 308 Ark. 660, 827 S.W.2d 119 (1992); Prince v. State, 304 Ark. 692, 805 S.W.2d 46 (1991); Smith v. State, 303 Ark. 524, 798 S.W.2d 94 (1990).

We now turn to Chunestudy's argument that Vanaman's testimony was not relevant because it failed to help establish the guilt or innocence of the defendant, and we disagree. As a general rule, all relevant evidence is admissible. See Ark. R. Evid. 402 (2011). Relevant evidence is "evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." Ark. R. Evid. 401 (2011). A witness's credibility is always an issue, subject to attack by any party. See Paschal v. State, 2012 Ark. 127, 388 S.W.3d 429; Fowler v. State, 339 Ark. 207, 5 S.W.3d 10 (1999). A circuit court's ruling on relevancy will not be disturbed absent an abuse of discretion. See Banks v. State, 2010 Ark. 108, 366 S.W.3d 341.

In the instant case, we cannot say the circuit court abused its discretion in finding Vanaman's testimony relevant. Here, the evidence revealed that the victim did not come forward until after years and years of abuse. Vanaman's testimony explained the typical behaviors of abused children that she has witnessed. She explained that it is common for a child victim to not make a disclosure and there could be several reasons for that behavior. Because we hold that the circuit court did not abuse its discretion in finding the testimony relevant, we affirm on this point as well.

The record in this case has been reviewed for reversible error pursuant to

Arkansas Supreme Court Rule 4–3(i), and none has been found.

Affirmed.