RAYMOND R. ABRAMSON, Judge
Appellant Rodney Rayburn was convicted by a jury of one count of rape and one count of criminal attempt to commit rape. He was sentenced to twenty-five years of imprisonment on the count of rape and fifteen years on the count of criminal attempt to commit rape with both sentences to run consecutively. The victim was his thirteen-year-old daughter, H.R. Rayburn appeals his conviction, arguing that the circuit court's admission of cumulative testimony of prior bad acts was prejudicial to him and deprived him of a fair trial. He argues that the circuit court abused its discretion when it admitted evidence of incidents other than the ones with which he had been charged. We disagree and affirm.
At trial, H.R. testified that Rayburn raped her at least fifteen times over the course of seven years. She testified that on one occasion in 2014, he told her to go into the bathroom and wait for him. Rayburn told his sons to go to their room and go to bed. He then went into the bathroom, told H.R. to get on her knees, and forced her to perform oral sex on him.
On another occasion, Rayburn instructed her to go into his room, and he instructed the boys to "fix a plate" for their mother. Then, he came into the bedroom and told H.R. to get on the bed and take off her pants. He performed oral sex on her and then for approximately ten minutes unsuccessfully attempted to penetrate her vaginally.
H.R. further testified that Rayburn attempted to penetrate her anally on a trip in 2015. They were at a campground, and he instructed her to go into the showers and wait for him. He entered the shower, told her to undress, and began washing her chest and private parts. After showering, he told her to dry off and get on her knees. He forced her to perform oral sex on him and then instructed her to bend over a bench. He attempted to penetrate her anally but was unable to do so.
Rayburn was also charged in relation to one incident in a mill parking lot. H.R. testified that she, her brother, and Rayburn had gone to pick up rice hulls in a truck. When they arrived, Rayburn told her to go to a sleeper in the back of the truck and get on the bed. He then entered the sleeper, and again tried to vaginally *884 penetrate her. There, he forced her to perform oral sex on him.
The circuit court maintains discretion to admit evidence. Turner v. State , 2014 Ark App. 428, 439 S.W.3d 88. To reverse a circuit court's evidentiary ruling, it must have abused its discretion, and prejudice must have resulted. Id. Evidence of other wrongs or acts are not admissible to show a defendant's bad character, but this evidence is admissible to show proof of motive, opportunity, intent, or plan. Ark. R. Evid. 404(b) (2017). The "pedophile exception" to Rule 404(b) allows evidence of prior sexual conduct with children to show the defendant's proclivity for a specific act with a person and helps show the depraved sexual instinct of the accused. Chunestudy v. State , 2012 Ark. 222, 408 S.W.3d 55. Under the pedophile exception, we look at factors such as the time interval between the incidents, the similarity of the incidents, and whether the defendant had an intimate relationship with the victim. Parish v. State , 357 Ark. 260, 163 S.W.3d 843 (2004).
Here, H.R.'s testimony of all the incidents fell within the pedophile exception. Her testimony showed a pattern of ongoing sexual abuse. Each incident showed that Rayburn would isolate H.R. from her brothers and force her to perform oral sex on him or attempt to penetrate her vaginally or anally. Furthermore, there are few relationships that are as intimate as a father and a daughter. H.R. testified that she was afraid of her father and that he told her not to tell anyone. In each incident, she was in her father's care. He would isolate her from others in places such as his bedroom, a bathroom, or a truck sleeper and sexually abuse her. This testimony falls within the pedophile exception because it shows Rayburn's proclivity for sexually abusing his daughter and his depraved sexual instinct.
The evidence is also more probative than prejudicial under the pedophile exception. Rayburn argues that its admission resulted in unfair prejudice that inflamed the jury. The evidence simply does not support his argument. The evidence is probative because it shows a pattern that Rayburn isolated his daughter on multiple occasions to sexually abuse her. It is also relevant to H.R.'s credibility because she testified to several incidents rather than a single incident. It further satisfies the pedophile exception because it shows Rayburn's depraved sexual instinct. While the evidence is prejudicial to him, there is nothing in the record that suggests that its prejudice to him outweighed its probative value. We hold that the circuit court did not abuse its discretion in allowing H.R. to testify as to multiple incidents of sexual abuse.
Finally, Rayburn asks us to overturn Chunestudy , supra, to the extent that the pedophile exception admits evidence without regard to Rules 403 and 404(b). In the present case, the pedophile exception is satisfied; H.R.'s testimony of other incidents when he raped her meets the requirements of Rules 403 and 404(b). In any case, we are powerless to overturn decisions by our supreme court. Osborne v. Bekaert Corp. , 97 Ark. App. 147, 152, 245 S.W.3d 185, 190 (2006). We affirm.
Affirmed.
Vaught and Hixson, JJ., agree.