Cite as 2021 Ark. App. 367

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-20-424

| | | |
|---|---|---|
| | | **Opinion Delivered** September 29, 2021 |
| VASQUEZ HAYES | | |
| | APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-16-13] |
| V. | | |
| | | HONORABLE CARLTON D. JONES, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Vasquez Hayes appeals the sentencing order entered by the Miller County Circuit Court on May 17, 2017, convicting him of two counts of rape, kidnapping, aggravated residential burglary, aggravated robbery, and two counts of theft and sentencing him to serve a total of eighty years' imprisonment in the Arkansas Department of Correction. On appeal, Hayes argues that the circuit court abused its discretion in denying his motion for a mistrial after the State referred to the complaining witness as "the victim." Hayes also argues that the circuit court abused its discretion in denying his motion for a mistrial or, alternatively, his motion for continuance related to the State's late disclosure of a witness. We affirm.

Hayes does not challenge the sufficiency of the evidence supporting his convictions; therefore, only a short summary of the facts giving rise to this appeal is necessary. In the early morning hours of November 22, 2015, a man forced his way into the home of AS. The man raped AS at gunpoint in her bedroom, forced her to perform oral sex on him, took her against

her will in her own vehicle to an ATM, and ordered her to withdraw money. AS was able to escape from the vehicle and run for help. In the meantime, the man drove AS's vehicle to a convenience store where he used her debit card to make purchases. He later wrecked and abandoned the vehicle. After an investigation, the Texarkana police arrested Hayes, who had been a student of AS's ten years prior.

During the three-day jury trial, eighteen witnesses testified, and a significant amount of evidence was introduced including, but not limited to, Hayes's statement to police, AS's medical records and sexual-assault-examination photographs, Arkansas State Crime Laboratory reports with DNA results, crime-scene photographs, items from AS's home, and business security videos. At the conclusion of the trial, the jury found Hayes guilty of the crimes stated above. This appeal followed.

Hayes's first argument on appeal is that the circuit court abused its discretion when it denied his motion for a mistrial during the State's questioning of Brandi Wilson. Wilson was the nurse at St. Michael's Hospital in Texarkana who performed the sexual-assault examination of AS and prepared a report of her findings. During Wilson's testimony the State asked, "Does your report reflect that the victim's vulva was penetrated?"

Hayes's counsel immediately objected and moved for a mistrial, contending that the circuit court had previously granted a motion in limine prohibiting the parties from referring to AS as "the victim." The State responded that the reference to AS as the victim was an accident, argued that Hayes suffered no prejudice as a result of the reference, and contended that any prejudice suffered could be cured by a curative instruction.

The circuit court held that the State had violated the order to refrain from referring to AS as "the victim"; but the court denied the motion for mistrial finding that (1) the State's question "was not . . . one that was directed for the purpose of violating the rule . . . [and] did not appear to be a direct and contumacious flouting of this Court's ruling," and (2) Hayes did not suffer "a manifest injustice . . . where [he] could not properly receive a fair trial." The court did, however, offer to give a curative instruction, which Hayes's counsel declined.

On appeal, Hayes argues that the circuit court abused its discretion in denying his motion for a mistrial on the basis of the State's reference to AS as "the victim." He argues that the use of that term eroded his fundamental right to be presumed innocent and improperly shifted the State's burden of proof to him because the jury would be inclined to accept the label "victim" as a proven fact when it is a fact for the State to prove and the jury to determine. He also argues that referring to AS as "the victim" in the presence of the jury amounted to improper vouching for both her credibility and the sufficiency of the State's case.

Our supreme court has stated:

> Our standard of review for appeals of an order denying a mistrial motion is well established, and a circuit court's refusal to grant a mistrial is difficult to overcome:
>
>> A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected. The circuit court has wide discretion in granting or denying a mistrial motion, and, absent an abuse of that discretion, the circuit court's decision will not be disturbed on appeal. Among the factors this court considers on appeal in determining whether or not a circuit court abused its discretion in refusing to declare a mistrial are whether the prosecutor deliberately induced a prejudicial response and whether an admonition to the jury could have cured any resulting prejudice.

*Burks v. State*, 2009 Ark. 598, at 7, 359 S.W.3d 402, 407 (citing *King v. State*, 361 Ark. 402, 405, 206 S.W.3d 883, 885 (2005)). It is also well settled that an admonition to the jury usually cures a prejudicial statement unless it is so patently inflammatory that justice could not be served by continuing the trial. *Id.*, 359 S.W.3d at 407. Where the possible prejudice could have been cured by an admonition to the jury, the supreme court has found no abuse of discretion when defense counsel has refused the circuit court's offer of such a curative instruction. *Id.*, 359 S.W.3d at 407.

In *Friday v. State*, our supreme court affirmed the circuit court's denial of the appellant's motion in limine to preclude the State from referring to two prosecuting witnesses—minors who had allegedly been sexually assaulted by the appellant—as "victims." 2018 Ark. 339, at 8, 561 S.W.3d 318, 323. The supreme court held that the appellant did not suffer prejudice because (1) it was readily apparent to the jury that in the State's theory of the case, the two witnesses were victims; and (2) the law enforcement officers' references to the witnesses as victims were in the officers' testimony recounting their role in the investigation. *Id.*, 561 S.W.3d at 323.

Likewise, we hold that the circuit court in the case at bar did not abuse its discretion in denying Hayes's motion for a mistrial because Hayes failed to demonstrate that the State's one-time reference to AS as "the victim" constituted prejudice sufficient to warrant such an extreme and drastic remedy. By the time Wilson testified, it was readily apparent to the jury that the State's theory of the case was that AS was the victim. Deanna Cardenas had already testified that in the early morning hours of November 22, 2015, she awoke to AS's beating on the Cardenases' front door, and AS told Cardenas she had been "violated," robbed, and that

4

her vehicle had been stolen. Former Texarkana police officer Levi Saxby had also testified that AS reported that she had been raped, kidnapped, and robbed at gunpoint. Finally, before Wilson testified, AS had testified in great detail about the man who raped, kidnapped, and robbed her at gunpoint.

We also note that references to AS as "the victim" of a sexual assault had occurred in the presence of the jury at other times during the trial with no objection from Hayes. For instance, in Wilson's introductory testimony wherein she explained her role as a sexual-assault nurse examiner, she stated that she examines victims of sexual assault. Wilson's report, which was admitted into evidence, concluded that AS had suffered injuries from a sexual assault. Because Hayes has failed to demonstrate prejudice as a result of the State's one-time use of the word "victim" at this multiday jury trial, we hold that the circuit court did not abuse its discretion in denying Hayes's motion for a mistrial.

Assuming arguendo that Hayes had suffered prejudice as a result of the reference to AS as "the victim," the record reveals that the circuit court offered Hayes an admonition to the jury to cure any prejudice suffered by him; however, he declined the offer. In *AS v. State*, 317 Ark. 32, 37, 875 S.W.2d 493, 496 (1994), the supreme court affirmed the circuit court's denial of a motion for a mistrial after a witness referred to the appellant's prior criminal conviction. The supreme court noted that the circuit court offered to admonish the jury, but the appellant declined the offer. The supreme court held that the appellant's failure to request a cautionary instruction or admonition may not inure to his benefit on appeal. *Id.*, 875 S.W.2d at 496. Accordingly, Hayes's decision to decline a curative instruction also precludes reversal on this point.

5

Hayes's second point on appeal is that the circuit court abused its discretion in denying his motion for a mistrial or, alternatively, his motion for continuance in connection with the State's late disclosure of a witness—Texarkana Police Detective Eric Winters. As part of the investigation, law enforcement officers collected and submitted evidence for forensic testing. On April 19, 2017, the State emailed counsel for Hayes advising that it was adding Winters to its witness list to testify about chain of custody. This email also attached Winters's January 5 and May 25, 2016, reports. The following day, the State emailed Hayes's counsel the lab-submission forms related to evidence Winters had sent to the Arkansas State Crime Laboratory.

On April 20, Hayes filed a motion in limine to exclude Winters from testifying. Hayes's counsel argued that the late disclosure violated the rules of discovery and prejudiced the investigation of any chain-of-custody issue. The State responded that Winters was being called solely as a chain-of-custody witness—to testify as to his role of transferring DNA-sample swabs taken from Hayes to the crime lab. The State argued that the DNA report had been produced to the defense prior to trial, the defense had ample time to investigate the chain-of-custody issue, and Hayes could not demonstrate prejudice from the late disclosure of a chain-of-custody witness.

The circuit court found that the State's disclosure of Winters was a discovery violation and asked Hayes's counsel what remedy was being sought. Hayes's counsel requested that Winters's testimony be barred or, alternatively, that Hayes be granted a continuance. The circuit court provided Hayes's counsel the opportunity to question Winters outside the presence of the jury during which Winters testified that his role in this case was to retrieve

Hayes's buccal-swab evidence from the property tech at the police department, deliver it to the post office to be mailed to the crime lab, pick it up from the lab after testing, and return it to the property tech. After Winters testified, Hayes's counsel renewed the motion to exclude Winters's testimony or, alternatively, for a continuance. The circuit court denied the motions.

Hayes argues that the circuit court abused its discretion in denying his motion for a mistrial or, in the alternative, motion for continuance on the basis of the State's failure to timely disclose Winters as a trial witness. Hayes points out that the circuit court found that the State had violated Arkansas Rule of Criminal Procedure 17.1(a)(i) by failing to timely disclose Winters as a witness for trial but argues that the court failed to impose the requested remedies authorized by Arkansas Rule of Criminal Procedure 19.7(a), which provides that when a party fails to comply with discovery requirements, the circuit court may order compliance, grant a continuance, exclude the evidence, or order other appropriate relief.

We first note that Hayes failed to move for a mistrial with regard to Winters's testimony; therefore, this argument may not be raised for the first time on appeal. *Walker v. State*, 353 Ark. 12, 20, 110 S.W.3d 752, 757 (2003) (holding that where the appellant failed to move for a mistrial with regard to the testimony of a particular witness, the appellant cannot raise the issue for the first time on appeal).

Hayes did move to exclude Winters's testimony or, alternatively, for a continuance due to the State's discovery violation. It is well settled that the purpose of the discovery rules is to require the State to disclose its evidence to the defendant in time for the defendant to make beneficial use of the information. *Chunestudy v. State*, 2012 Ark. 222, at 12, 408 S.W.3d 55, 63. The standard of review for imposing sanctions for discovery violations is whether there has

7

been an abuse of discretion. *Id.*, 408 S.W.3d at 64. This court has said that "the key in determining if a reversible discovery violation exists is whether the appellant was prejudiced by the prosecutor's failure to disclose." *Id.* at 12–13, 408 S.W.3d at 64 (citing *Bray v. State*, 322 Ark. 178, 180, 908 S.W.2d 88, 89 (1995)). The burden is on the appellant to prove that the discovery violations were sufficient to undermine the confidence in the outcome of the trial. *Id.* at 13, 408 S.W.3d at 64. Even if a discovery violation has occurred, this court will not reverse if the error is harmless. *Id.*, 408 S.W.3d at 64.

The circuit court denied Hayes's motions, finding that Winters's testimony did not go "to the very heart of the Defense's theory of the case." Rather, according to the circuit court, Winters's testimony was limited to a chain-of-custody matter, and there was no evidence related to chain of custody that Hayes had been prejudiced from receiving a fair trial. The circuit court further found that Hayes had been given the opportunity to question Winters and that minor breaks in the chain of custody would go to the weight of the evidence as determined by the trier of fact.

The circuit court did not abuse its discretion in denying Hayes's motions to exclude Winters's testimony or, alternatively, for a continuance. While Hayes contends that "the jury was presented with highly prejudicial evidence" as a result of the State's untimely disclosure of Winters as a witness, Hayes fails to establish or even explain what that prejudice was. And the record fails to support Hayes's contention. For instance, the State advised Hayes on Wednesday, April 19, of its intent to call Winters as a chain-of-custody witness. Trial was scheduled to begin on Tuesday, April 25; therefore, Hayes had three business days to contact Winters but elected not to do so. Moreover, the circuit court provided Hayes the opportunity

to voir dire Winters outside the presence of the jury, which provided Hayes an opportunity to discover any potential chain-of-custody problems and prevent any unfair surprise. Hayes fails to argue that anything occurred during Winters's testimony that was prejudicial and that could have been prevented had Winters been put on the witness list sooner. Hayes merely argues that more investigation into Winters is needed, but he fails to elaborate on this.

This court has repeatedly refused to find reversible error in these types of cases without a showing of prejudice. *Chunestudy*, 2012 Ark. 222, at 13, 408 S.W.3d at 64 (citing *Davis v. State*, 318 Ark. 212, 885 S.W.2d 292 (1994); *Brooks v. State*, 308 Ark. 660, 827 S.W.2d 119 (1992); *Prince v. State*, 304 Ark. 692, 805 S.W.2d 46 (1991); *Smith v. State*, 303 Ark. 524, 798 S.W.2d 94 (1990)). And it is within the circuit court's discretion which sanction, if any, to employ when there is a failure to comply with discovery. *Reed v. State*, 312 Ark. 82, 86, 847 S.W.2d 34, 35 (1993). In light of the circuit court's findings, we hold that it did not abuse its discretion in denying Hayes's motions to exclude Winters's testimony or, alternatively, for a continuance.

Affirmed.

GRUBER and WHITEAKER, JJ., agree.

*John P. Walker, P.A.*, by: *Lawrence A. Walker*; and *Crystal J. Okoro*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.