Windell McCLAIN *v.* STATE of Arkansas

CR 04-1069

205 S.W.3d 123

Supreme Court of Arkansas
Opinion delivered March 10, 2005

*John F. Gibson, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Misty Wilson Borkowski,* Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Windell McClain appeals the order of the Desha County Circuit Court convicting him of aggravated robbery. On appeal, he argues that the trial court erred in: (1) allowing a police officer to testify about his opinion that cigarettes found in Appellant's vehicle at the time of his arrest were those stolen from a liquor store; and (2) refusing to admonish the jury after the prosecutor improperly commented on Appellant's failure to testify at trial. As Appellant was sentenced to life imprisonment, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(2). We find no error and affirm.

Appellant does not challenge the sufficiency of the evidence, but we will give a brief recitation of the pertinent facts in this case. On the evening of September 15, 2003, Appellant and Robert Johnson-El went to the Bottle Shop Liquor Store in McGehee and purchased some beer. After leaving the store, the men parked their car behind the store and decided to go back in and rob the store. Linda Wheless was behind the counter when the pair entered.

Appellant told Johnson-El to jump across the counter to get the money. Johnson-El searched Wheless's pockets and took some cash from her, as well as from the register. Several packages of Kool cigarettes were also taken during the robbery. During the robbery, Appellant repeatedly yelled at Wheless and threatened to harm her.

Sergeant Phillip Bandy, with the McGhee Police Department, received a call from Wheless reporting the robbery. Bandy arrived at the scene and during the course of his investigation, Bandy developed a lead regarding the car driven by the alleged robbers. Shortly thereafter, officers stopped a vehicle matching the description of the vehicle seen leaving the store after the robbery. The vehicle was driven by Appellant. Appellant was taken into custody, and a search of his vehicle revealed several packs of Kool cigarettes and a forty-ounce bottle of Old English Beer. The cigarette packages were marked with a code number on the bottom of each pack that corresponded with several other packages found on the floor of the store after the robbery.

Appellant was charged by felony information on September 22, 2003, with one count of aggravated robbery. An amended information was filed on December 8, 2003, also charging Appellant as a habitual offender. Johnson-El was also charged in connection with the robbery, but on December 17, 2003, he entered a plea of guilty to one count of robbery and was sentenced to a term of fifteen years in the Arkansas Department of Correction, with an additional five years suspended. As part of his plea agreement, Johnson-El agreed to testify against Appellant at his trial.

Appellant was tried before a jury on March 9, 2004. Following the presentation of evidence and argument by counsel, the jury convicted appellant of aggravated robbery. He was sentenced as a habitual offender to a term of life imprisonment in the Arkansas Department of Correction. This appeal followed.

For his first point on appeal, Appellant alleges that the trial court erred in allowing Sergeant Bandy to testify that the cigarettes found in Appellant's vehicle during his arrest were those stolen from the Bottle Shop Liquor Store. According to Appellant, this testimony was in direct violation of Ark. R. Evid. 701. The State counters that this argument is not preserved for appellate review. Alternatively, the State argues that Sergeant Bandy's testimony was permissible under Rule 701. We agree that this argument is not preserved for our review.

An appellant's failure to make a contemporaneous objection prevents him from asserting on appeal any error on the part of the trial court for admitting the evidence. *Hardman v. State*, 356 Ark. 7, 144 S.W.3d 744 (2004); *Hill v. State*, 337 Ark. 219, 988 S.W.2d 487 (1999). We have stated that if a contemporaneous objection is not made during a jury trial, the proverbial bell will have been rung and the jury prejudiced. *Ridling v. State*, 360 Ark. 424, 203 S.W.3d 63 (2005); *Stewart v. State*, 332 Ark. 138, 964 S.W.2d 793 (1998).

The following colloquy took place during the State's direct examination of Sergeant Bandy at trial:

> [THE STATE]: What evidence did you collect from the car?
>
> [SERGEANT BANDY]: There was a forty-ounce bottle of Old English Beer in the car, and also some packs of Kool cigarettes.
>
> [THE STATE]: Is there anything unique about a pack, based on your experience, is there anything unique about packages of cigarettes that would enable you to identify particular packages in relation to other packages?
>
> [SERGEANT BANDY]: Yes, sir. There is a code number on the bottom of the pack that every pack within that lot and/or carton that they came out of would correspond.
>
> [THE STATE]: Okay. Were you able to compare that number on the ones you found in the car with those you recovered from the scene of the robbery?
>
> [SERGEANT BANDY]: Yes, sir.
>
> [THE STATE]: And what was, did you draw any conclusions from that comparison?
>
> [SERGEANT BANDY]: It was a perfect match.
>
> [THE STATE]: And what would that signify to you based on your experience?

It was only after this last question that Appellant's counsel objected, arguing that Sergeant Bandy was not qualified to tell the jury what the

numbers signified. The State responded that Sergeant Bandy had already testified about what the numbers meant, and, at one point, counsel for Appellant conceded as much, stating: "Okay."

■ It is clear from the review of the record that this argument is not preserved for our review because Appellant did not object at the first opportunity to this line of questioning. As this court stated in *Ridling*, the bell was rung when Sergeant Bandy stated that the numbers on the packages found in Appellant's car corresponded with those found on the floor of the liquor store, thus, any prejudice would have occurred prior to any objection by Appellant.

For his second point on appeal, Appellant argues that the trial court erred in refusing to admonish the jury to disregard prejudicial statements made by the State during its closing argument. According to Appellant, the improper statement was an attempt by the prosecutor to unfairly and prejudicially suggest that Appellant had the burden to explain why he had money in his mouth at the time of his arrest and that the jury should consider his failure to testify on this point. The State counters that Appellant's argument is without merit as the trial court did admonish the jury and such admonition cured any prejudice that may have resulted. Moreover, the State points out that Appellant never claimed the admonition given was inadequate. Alternatively, the State argues that any prejudice resulting from the statement was harmless in light of the overwhelming evidence of Appellant's guilt. Again, we agree that this argument is procedurally barred.

During his closing argument, the prosecutor stated:

> You hear all sorts of things. Maybe he was just hiding this money because he didn't want the police to find it and take six five dollar bills that he had, nothing else but six five dollar bills that he had. Maybe. Maybe. What evidence is there of that?

Appellant then objected, arguing:

> I'm going to object, Your Honor. Requiring the Defendant to prove his innocence and to suggest that is improper, and I'd ask the Court to admonish the jury not to consider the statement, "What evidence is there of that?"

Thereafter, the court admonished the jury, stating:

> Okay, ladies and gentlemen, this is closing arguments, and it's not, it's designed to help you determine what the facts are. It's not

the evidence and I'm going to ask you to, you heard the evidence, and I think the closing arguments will help you determine what the facts are and that's part of your duties and responsibilities.

Okay. You may proceed.

■ Here, Appellant received the relief he requested. It is axiomatic that a party who received the relief requested has no basis for appeal. *Jones v. State*, 326 Ark. 61, 931 S.W.2d 83 (1996); *Richmond v. State*, 320 Ark. 566, 899 S.W.2d 64 (1995). Once the trial court admonished the jury, Appellant made no further objections, did not seek a further admonition, or request a mistrial. His failure to apprise the trial court of his belief that the admonition given was inadequate precludes him from raising such an argument on appeal. *See Noel v. State*, 331 Ark. 79, 960 S.W.2d 439 (1998). Accordingly, we will not address the merits of this argument.

Because Appellant received a sentence of life imprisonment, the record in this case has been reviewed pursuant to Ark. Sup. Ct. R. 4-3(h) for adverse rulings objected to by Appellant but not argued on appeal. No such reversible errors were found. For the aforementioned reasons, this case is affirmed.