2009 Ark. 170

**William Mack EUBANKS, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 08–953.**

Supreme Court of Arkansas.

April 2, 2009.

John Wesley Hall, Jr., Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Brad Newman, Ass't Att'y Gen., Little Rock, for appellee.

PAUL E. DANIELSON, Justice.

|₁Appellant William Mack Eubanks appeals the judgment of the Franklin County Circuit Court convicting him of the rape of S.T., his then-nine-year-old stepdaughter, and sentencing him as a habitual offender to life imprisonment. Eubanks argues on appeal that the circuit court erred by: (1) admitting testimony regarding alleged prior sexual misconduct pursuant to the "pedophile exception"; (2) admitting testimony of the victim pertaining to medical problems she experienced subsequent to the date of the rape in violation of Rule 401 of the Arkansas Rules of Evidence; and (3) admitting testimony regarding prior bad acts in violation of Rules 401, 402, 403, and 404(b) of the Arkansas Rules of Evidence. We find no error and affirm.

Eubanks does not challenge the sufficiency of the evidence; therefore, only a brief recitation of the facts is necessary. The State alleged that Eubanks, during one continuous |₂course of conduct between May 1994 and June 1995, raped and digitally penetrated S.T. A trial date was set for October 3, 1996; however, Eubanks did not appear. Eubanks was subsequently arrested on August 5, 1997. A trial date was rescheduled for February 19, 1998, and Eubanks again failed to appear. Eubanks was not arrested again until October 8, 2005, after he was located in New Mexico using a false identity. A jury trial was conducted on November 16, 2006, which ended in a mistrial. A second trial commenced on March 20, 2008.

## I. *Rules 403 & 404(b)*

A jury heard testimony from multiple witnesses including the victim herself, law enforcement officials, medical professionals, and several others about the events and circumstances occurring before, during, and after the rape. Eubanks was found guilty, and a judgment and commitment order was entered against him on March 31, 2008. He filed a timely notice of appeal on April 10, 2008. We relate the evidence in detail only as required to understand Eubanks's three assignments of error.

During Eubanks's trial, the circuit court allowed testimony from another young woman, R.E., who testified that she had also been molested by digital penetration by Eubanks when she was a child. Eubanks contends that R.E.'s testimony was improper under Rule 404(b) because the evidence was offered to serve no other purpose than to demonstrate that he must have committed the same acts against S.T. and because he did not have an intimate relationship with her as the pedophile exception requires. He also claims error under Rule 403, arguing that the probative value of the evidence was greatly outweighed by unfair prejudice. The State avers that the circuit court correctly applied the pedophile exception to Rule 404(b) and that the probative value of the evidence at issue was not substantially outweighed by any danger of unfair prejudice.

The admission or rejection of evidence under Rule 404(b) is committed to the sound discretion of the circuit court, which this court will not disturb on appeal absent a showing of manifest abuse. *See Echols v. State*, 326 Ark. 917, 936 S.W.2d 509 (1996). We review a circuit court's decision to admit evidence over a Rule 403 objection under an abuse-of-discretion standard as well. *See Flanery v. State*, 362 Ark. 311, 208 S.W.3d 187 (2005).

Rule 404(b) provides as follows:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ark. R. Evid. 404(b) (2008). Evidence offered under Rule 404(b) must be independently relevant to make the existence of any fact of consequence more or less probable than it would be without the evidence. *See Lamb v. State*, 372 Ark. 277, 275 S.W.3d 144 (2008). In other words, the prior bad act must be independently relevant to the main issue, in that it tends to prove some material point rather than merely proving that the defendant is a criminal. *See id.*

This court has long recognized a "pedophile exception" to Rule 404(b). *See id.* We have approved allowing evidence of the defendant's similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *See id.* The rationale for this exception is that such evidence helps to prove the depraved sexual instinct of the accused. *See id.*

For the pedophile exception to apply, we require that there be a sufficient degree of similarity between the evidence to be introduced and the sexual conduct of the defendant. *See Hamm v. State*, 365 Ark. 647, 232 S.W.3d 463 (2006). We also require that there be an "intimate relationship" between the perpetrator and the victim of the prior act. *Id.* at 652, 232 S.W.3d at 468–69.

Eubanks argues that the pedophile exception does not apply here because a

parental relationship did not exist between him and R.E. This court has specifically rejected a requirement that the alleged victim of a prior bad act be a member of the defendant's family or household for the evidence to be ruled admissible under the pedophile exception. *See Parish v. State,* 357 Ark. 260, 163 S.W.3d 843 (2004); *Berger v. State,* 343 Ark. 413, 36 S.W.3d 286 (2001). Here, the State sufficiently established the existence of the required intimate relationship between R.E. and Eubanks. R.E. testified that as a child her mother had been friends with Eubanks's wife and that she was friends with their child, Chris. She and Chris became friends when R.E. was about five or six years old. The two would spend the night together frequently, and R.E. often spent the night in Eubanks's home. The alleged molestation that R.E. testified about did not occur until R.E. was eight or nine—illustrating that R.E. frequently spent the night at Eubanks's home under the care of him and his wife for several years. We hold that this evidence is sufficient to demonstrate a relationship "close in friendship or acquaintance, familiar, near, or confidential." *Parish v. State,* 357 Ark. at 270, 163 S.W.3d at 849.

■ We find Eubanks's 403 argument to be without merit. Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Ark. R. Evid. 403 (2008). This court has noted that evidence offered by the State is often likely to be prejudicial to the accused, but the evidence should not be excluded unless the accused can show that it lacks probative value in view of the risk of unfair prejudice. *See Morris v. State,* 367 Ark. 406, 240 S.W.3d 593 (2006).

In cases involving evidence subject to the pedophile exception, we have looked to the similarities between the alleged prior conduct and the charged conduct to determine whether they make the evidence probative on the issue of the accused's motive, intent, preparation, plan, and scheme. *See id.* When the similarities are significant, we have permitted the evidence, despite the prejudice to the accused. *See id.; Flanery v. State, supra.* We have also noted that the evidence is permissible when the similarities make it probative on the issue of the accused's deviate sexual impulses. *See Flanery v. State, supra.*

In the instant case, Eubanks is alleged to have both digitally penetrated and raped S.T. and to have digitally penetrated R.E. In addition, R.E. and S.T. were both, to a certain degree, under Eubanks's care at the time of the abuse. These similarities are significant and probative on the issue of Eubanks's deviate sexual impulses. Accordingly, we cannot say that the probative value of the evidence at issue was substantially outweighed by any danger of unfair prejudice.

## II. Medical Testimony

During the State's direct examination of S.T., the State elicited testimony regarding the fact that S.T. was diagnosed with a brain tumor in 2005, which was surgically removed but grew back. S.T. testified that she had a second surgery and underwent both radiation and chemotherapy. For his second point on appeal, Eubanks contends that the testimony should not have been admitted because it was irrelevant pursuant to Rule 401 and because the prejudicial effect outweighed any probative value pursuant to Rule 403. The State first argues that Eubanks did not preserve his challenge to the testimony for appellate review because he did not object at the first opportunity. Alternatively, the State maintains that the circuit court did not abuse its discretion in allowing the testi-

mony and that Eubanks cannot show that he was prejudiced by it.

We have previously held that the circuit court is afforded wide discretion in evidentiary rulings. *See Cluck v. State,* 365 Ark. 166, 226 S.W.3d 780 (2006). Specifically, in issues relating to the admission of evidence under Ark. R. Evid. 401, 403, and 404(b), we have held that a circuit court's ruling is entitled to great weight and will not be reversed absent an abuse of discretion. *See id.* This court will, likewise, not reverse absent a showing of prejudice. *See id.*

Before S.T.'s testimony regarding her brain tumor began, counsel for Eubanks objected, stating in part, "I understand she can testify to what medical problems that had [sic] but I don't want her getting into diagnosis." A brief discussion took place, and Eubanks's counsel agreed that he did not have a problem with testimony regarding the fact that S.T. had her head operated on and tumors removed. After a line of seventeen questions regarding that medical issue, counsel for Eubanks then objected to its relevance. We have held that an argument is not preserved for our review when an appellant does not object at the first opportunity to a line of questioning. *McClain v. State,* 361 Ark. 133, 205 S.W.3d 123 (2005). This is because an appellant's failure to make a contemporaneous objection prevents him from asserting on appeal any error on the part of the circuit court for admitting the evidence. *See id.* We have stated that if a contemporaneous objection is not made during a jury trial, the proverbial bell will have been rung and the jury prejudiced. *See id.* Here, Eubanks's counsel did not make a timely objection with regard to relevance.

### III. *Prior Bad Acts*

During the cross-examination of Carrie Eubanks, Eubanks's wife and S.T.'s moth-er, the State elicited testimony that Eubanks hit her. Eubanks contends on appeal that the testimony should not have been admitted because it was irrelevant pursuant to Rules 401, 402, and 403, and because it was improper character evidence pursuant to Rule 404(b). The State avers that Eubanks opened the door to the testimony and the circuit court did not err by allowing it.

As previously noted, the circuit court is afforded wide discretion in evidentiary rulings, a circuit court's ruling is entitled to great weight specifically relating to the admission of evidence under Rules 401, 403, and 404(b), and this court will not reverse the circuit court's ruling absent an abuse of discretion and a showing of prejudice. *See Cluck v. State, supra.*

First, we do not reach Eubanks's argument on Rule 404(b) presented here because he did not object to this testimony based on 404(b) before the circuit court. This court has repeatedly held that arguments not raised below will not be addressed for the first time on appeal. *See Frye v. State,* 2009 Ark. 110, —— S.W.3d ——. Parties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of their objections as presented at trial. *See id.* Eubanks only objected to the relevancy and unfair prejudice of this testimony pursuant to Rules 401, 402, and 403. Therefore, that is the only argument we address here.

One defense theory that Eubanks attempted to establish at trial was that S.T.'s allegation was false and was the result of some sort of conspiracy between Carrie's mother, Linda St. Mary, Eubanks's ex-wife, Debbie, and a few of their mutual friends. Therefore, during Carrie's direct examination, Eubanks's counsel

elicited testimony to establish that Carrie's mother, Linda St. Mary, and Eubanks's ex-wife, Debbie Eubanks, knew one another and did not like Eubanks. Carrie was asked "Your mother wasn't very fond of Bill Eubanks?" Carrie responded "No, not at all." Prior to that question, Carrie was asked about what happened one time when Eubanks showed up at her mother's house when she was staying there. She responded that "[Linda St. Mary] called the law and the law came and was involved and it was a big scene."

On cross-examination, Carrie confirmed her testimony that her mother, Linda St. Mary, was not fond of Eubanks. The State, attempting to establish why that might be the case, then elicited testimony that Linda St. Mary might not like Eubanks because she knew he hit Carrie. Clearly, the defense opened the door to this testimony by questioning Carrie about her mother's feelings for Eubanks. The State simply elicited testimony to establish that Linda St. Mary might have had a specific reason to dislike Eubanks. Therefore, we cannot hold that the testimony was irrelevant. Furthermore, Eubanks has failed to demonstrate that he was prejudiced by the evidence because he opened the door to this testimony in the first place. *See Harmon v. State*, 340 Ark. 18, 8 S.W.3d 472 (2000); *Willis v. State*, 334 Ark. 412, 977 S.W.2d 890 (1998).

For all these reasons, we affirm Eubanks's conviction and sentence. Pursuant to Arkansas Supreme Court Rule 4–3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to the appellant, and no prejudicial error has been found.

Affirmed.