
# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–14–570

DONALD COREY CAMPBELL

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered** February 24, 2016

APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR–2013–009]

HONORABLE CHRIS E WILLIAMS, JUDGE

AFFIRMED

## PHILLIP T. WHITEAKER, Judge

Donald Corey Campbell appeals his Hot Spring County Circuit Court conviction of rape, for which he was sentenced to forty years in the Arkansas Department of Correction. We affirm.

Campbell raises two points for appeal: he contends that he was unfairly prejudiced by the introduction of prior bad acts and by the State referring to the child as the "victim" at trial. For purposes of this opinion, we will review these points in reverse order.

Campbell was charged with raping S.B., a minor child under the age of fourteen. He argues that the circuit court erred in allowing the State to refer to S.B. as a victim at trial. The court denied Campbell's motion in limine in this respect, indicating that Campbell would be allowed to argue his complaint regarding the "victim" language with the jury, and, if the context of the word changed during trial, it would entertain further objections. Thus, Campbell was perfectly free at trial to argue to the jury that it was the State's burden to prove

that S.B. was not only a "victim," but was "his victim." Campbell was also free to raise another objection to the State's use of the term if he felt the State was abusing the latitude granted by the court; however, he did not pursue any further objections to that term when it was used at trial. From our review of the record, it does not appear that the State used the phrase in any way to "subtly implant" into the jurors' minds that the allegations of abuse were true as asserted by Campbell. Moreover, the cases cited by Campbell do not stand for the proposition that the State may not refer to the alleged victim as a victim at trial. As such, he has failed to support his argument with any persuasive authority. We will not consider an issue if the appellant has failed to cite to any convincing legal authority in support of his argument. *Barker v. State*, 2010 Ark. 354, at 6, 373 S.W.3d 865, 869.

Campbell also challenges the introduction of prior bad acts, arguing that the trial court committed reversible error in allowing the introduction of this evidence. To adequately address this argument, we must consider the evidence surrounding the rape of S.B., as well as the evidence of the prior bad acts.

On December 6, 2012, S.B. was a guest in Campbell's home. S.B.'s mother was scheduled to marry Campbell's stepson, Markus Dill, the next day. At approximately 5:30 or 6:00 in the morning, S.B. woke up her mother and Dill. She was hysterical and shaking. She told them that "Pawpaw" (Campbell) was kissing and touching her. S.B. indicated that Campbell had kissed her face and touched her private area, possibly penetrating her, with his hands. The underwear S.B. had been wearing at bedtime was missing. S.B.'s mother called off the wedding and took S.B. to the hospital in Malvern to be examined. After she was

interviewed by the police, S.B. was sent to Little Rock to have a rape kit performed. The examination revealed some mild irritation and redness in the areas of the labia majora and labia minora. Such findings are consistent with sexual abuse but are not definitive. Campbell does not challenge the sufficiency of this evidence on appeal.

What Campbell does challenge on appeal is the introduction of prior bad acts, mainly evidence of uncharged conduct toward one of his step-granddaughters, C.D.1.[1] The challenged evidence involved an incident in 2009 in which C.D.1 and C.S. reported inappropriate sexual contact with Campbell[2] and multiple incidents in 2012 in which C.D.1 reported that Campbell had molested her. The 2012 allegations were that Campbell would kiss C.D.1 and touch her breasts and her privates with his hands. While C.D.1 did not state that Campbell had digitally penetrated her, she did say that he had placed his hand in her underwear, that he moved his finger around, and that it would hurt inside her privates. The court permitted the introduction of both the 2009 and 2012 prior incidents, finding that it was clear from the testimony that the evidence "goes to the opportunity, intent, and plan of this defendant, what his knowledge and conduct was." The court further found that the incident was sufficiently similar and that it was admissible under Rule 404(b).

Rule 404(b) provides that

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

---

[1] Markus Dill has three children, C.D.1, C.D.2, and C.S.
[2] The Crimes Against Children Division of the Arkansas State Police (CACD) investigated and found the 2009 allegation to be unfounded.

Evidence is not admissible under Rule 404(b) simply to show a prior bad act. *Vance v. State*, 2011 Ark. 243, 383 S.W.3d 325.

On appeal, Campbell challenges the circuit court's Rule 404(b) findings. He claims that the court expressly permitted the introduction of the evidence in order to prove "preparation, plan, and design" or "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." He argues that, because there was no evidence proffered to show that there was any unique method or preparation by him with respect to the charged offense, the evidence could not be probative to the plan, method, intent, or design, as found by the trial court. He further contends that, because the jury was not charged with determining whether Campbell had any particular intent in touching S.B. or whether there was an issue of mistake in doing so, the evidence could serve no other purpose other than to prejudice the jury. Campbell's arguments fail, however, because this evidence falls squarely within the pedophile exception.

When the charge concerns the sexual abuse of a child, evidence of other crimes, wrongs, or acts, such as sexual abuse of that child or other children, is admissible under the "pedophile exception" to show motive, intent, or plan pursuant to Ark. R. Evid. 404(b). *Fields v. State*, 2012 Ark. 353. Our supreme court has also approved allowing evidence of the defendant's similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. *Kelley v. State*, 2009 Ark. 389, 327 S.W.3d 373. The rationale for this exception is that such evidence helps to prove the depraved sexual instinct of the accused.

4

*Jeffries v. State*, 2014 Ark. 239, 434 S.W.3d 889. Further, such proof is admissible to show the familiarity of the parties, disposition, and antecedent conduct toward one another and to corroborate the testimony of the victim. *Fields*, *supra* (citing *Free v. State*, 293 Ark. 65, 732 S.W.2d 452 (1987)). For the pedophile exception to apply, there must be a sufficient degree of similarity between the evidence to be introduced and the sexual conduct of the defendant. *Eubanks v. State*, 2009 Ark. 170, 303 S.W.3d 450. There must also be an "intimate relationship" between the perpetrator and the victim. *Chunestudy v. State*, 2012 Ark. 222, 408 S.W.3d 55.

We hold that the trial court did not abuse its discretion in ruling that the evidence of prior acts was admissible under the pedophile exception. The intimate relationship requirement was met by the evidence. In each instance, Campbell was the alleged perpetrator and his victims were his step-grandchildren or future step-grandchildren. In each instance, Campbell was in a quasi-familial relationship with the children and had assumed the role of their grandfather. Campbell's relationship as Dill's step-father placed him in a position to have access to the children. The similarities requirement is also met by the evidence. There are many similarities between the challenged prior incidents and the charged conduct. In each instance, he engaged in inappropriate sexual contact with the children. In fact, C.D.1's 2012 allegations are virtually identical to the allegations made by S.B. C.D.1 and S.B. were of similar ages and sex. They both have a similar relationship with Campbell—C.D.1 is Campbell's step-granddaughter and S.B. is his soon-to-be step-granddaughter. Both children alleged that Campbell touched them on their breasts and privates while in bed with them and

that he placed his fingers on or in their privates and moved them around causing it to hurt. This is precisely the type of evidence the pedophile exception was crafted to include. Admittedly, the circuit court did not recite the pedophile exception in its ruling on admissibility. However, this is exactly what the court found, and the evidence falls squarely within its parameters.

In reviewing the admission of evidence under Rule 404(b), a circuit court has broad discretion in deciding evidentiary issues, and its decisions are not reversed absent an abuse of discretion. *Rounsaville v. State*, 2009 Ark. 479, 346 S.W.3d 289. The abuse-of-discretion standard is a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Chatmon v. State*, 2015 Ark. 28, 467 S.W.3d 731. We find no abuse of discretion in this matter.

Affirmed.

KINARD and HIXSON, JJ., agree.

*Scholl Law Firm, P.L.L.C.*, by: *Scott A. Scholl*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

SLIP OPINION