
# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-16-966

| | |
|---|---|
| RONNIE FLOW, JR.<br>APPELLANT | **Opinion Delivered:** February 15, 2017 |
| | APPEAL FROM THE COLUMBIA<br>COUNTY CIRCUIT COURT |
| V. | [NO. 14JV-15-88] |
| ARKANSAS DEPARTMENT OF HUMAN<br>SERVICES AND MINOR CHILDREN<br>APPELLEES | HONORABLE EDWIN KEATON,<br>JUDGE |
| | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Ronnie Flow, Jr., appeals from the August 5, 2016 Columbia County Circuit Court order terminating his parental rights to his three children, D.F., C.F., and P.F. On appeal, Flow argues that (1) there was not proper service under Arkansas Rule of Civil Procedure 4(d)(4); (2) the circuit court's reliance on prior convictions violated Arkansas Rule of Evidence 404; and (3) the circuit court's failure to grant his motion for continuance was reversible error. For the following reasons, we affirm.

On November 17, 2015, the Arkansas Department of Human Services (DHS) filed a petition for emergency custody and dependency-neglect with an affidavit attached that detailed allegations that Flow had sexually abused his stepdaughter, W.S., and his biological daughter, D.F. DHS then exercised a hold on all three of Flow's biological children, P.F.,

C.F., and D.F.[1] The same day, the circuit court entered an order placing the three children in DHS's custody. Flow was arrested on December 31, 2015, on criminal charges arising from the same allegations that opened this case. The circuit court entered an order on January 14, 2016, placing all of the children in their mother's custody.

On March 10, 2016, the circuit court held an adjudication hearing. Flow, who was incarcerated at the time, refused to be transported, so he was not present at the hearing. The court found the juveniles to be dependent-neglected as a result of sexual abuse and entered a detailed adjudication order reflecting such. The circuit court also found, by a preponderance of the evidence, that Flow had subjected the juveniles to aggravated circumstances.

A petition to terminate Flow's parental rights was also filed on March 10, 2016. In it, DHS alleged two grounds for termination under Arkansas Code Annotated section 9–27–341(b)(3)(B)(vi)*(a)* (Repl. 2015) (the court has found the juveniles or a sibling dependent-neglected as a result of neglect or abuse that could endanger the life of the child, sexual abuse, or sexual exploitation, any of which was perpetrated by the juveniles' parent or parents or stepparent or stepparents) and under Arkansas Code Annotated section 9-27-341(b)(3)(B)(ix)*(a)(3)* (the parent has subjected the juveniles to aggravated circumstances).[2]

---

[1]At the time of the hold, W.S. was living with her mother, and DHS requested that custody of W.S. be given to her mother. On November 17, 2015, an ex parte order for emergency custody was entered permitting W.S. to remain in the home of her mother but restricting Flow's access to W.S. Neither W.S. nor her mother are parties to this appeal.

[2] "Aggravated circumstances" means a juvenile has been abandoned, chronically abused, subjected to extreme or repeated cruelty, sexually abused, or a determination has

The circuit court held a hearing on the petition for termination of Flow's parental rights on May 27, 2016; Flow and his counsel were present. DHS introduced the adjudication order at this hearing. Testimony was presented that the children would be at great risk of being victims of sexual abuse if returned to Flow. Further testimony indicated that Flow remained incarcerated and therefore could not assume custody of the children at that point.

On August 5, 2016, the circuit court entered an order terminating Flow's parental rights to his three children, D.F., C.F., and P.F. The circuit court found that DHS had proved both grounds for termination by clear and convincing evidence. The circuit court also found that termination was in the best interest of the children, specifically considering adoptability and potential harm. This appeal followed.

Our standard of review in termination-of-parental-rights cases is well settled; we review these cases de novo. *Dinkins v. Ark. Dep't of Human Servs.*, 344 Ark. 207, 40 S.W.3d 286 (2001). Termination of parental rights is an extreme remedy and in derogation of the natural rights of parents; however, parental rights will not be enforced to the detriment or destruction of the health and well-being of the child. *Smithee v. Ark. Dep't of Human Servs.*, 2015 Ark. 506, 471 S.W.3d 227. A court must find that at least one statutory ground exists, in addition to a finding that it is in the child's best interest to terminate parental rights; these must be proved by clear and convincing evidence. Ark. Code Ann. § 9–27–341(b)(3). Clear

---

been or is made by a judge that there is little likelihood that services to the family will result in successful reunification. *See* Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(3)(B)(i)*.

and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Anderson v. Douglas*, 310 Ark. 633, 839 S.W.2d 196 (1992).

The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997). In determining whether a finding is clearly erroneous, we give due deference to the opportunity of the circuit court to judge the credibility of witnesses. *Dinkins*, *supra*.

In making a "best interest" determination, the circuit court is required to consider two factors: (1) the likelihood that the child will be adopted and (2) the potential of harm to the child if custody is returned to a parent. *Pine v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 781, 379 S.W.3d 703. Adoptability is not an essential element but is rather a factor that the circuit court must consider. *Tucker v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 430, 389 S.W.3d 1. Similarly, the potential harm to the child is a factor to be considered, but a specific potential harm does not have to be identified or proved by clear and convincing evidence. *Pine*, *supra*. The potential-harm analysis is to be conducted in broad terms. *Id.* It is the "best interest" finding that must be supported by clear and convincing evidence. *Id.*

Flow does not argue that DHS failed to establish a ground for termination, so we do not need to consider whether the circuit court erred in finding that sufficient evidence supported the statutory grounds the circuit court relied on to terminate Flow's parental rights. S*ee Benedict v. Ark. Dep't of Human Servs.*, 96 Ark. App. 395, 409, 242 S.W.3d 305,

316–17 (2006). Instead, Flow argues that the case should be "dismissed for insufficient process and/or service of process." Flow contends that there was not proper service of the petition to terminate his parental rights under Arkansas Rule of Civil Procedure 4(d)(4), which provides in pertinent part, "Where the defendant is incarcerated in any jail, penitentiary, or other correctional facility in this state, service must be upon the administrator of the institution, who shall deliver a copy of the summons and complaint to the defendant." *See* Ark. R. Civ. P. 4.[3] Flow argues that he was incarcerated on March 10, 2016, "the day he was supposedly personally served by a process server," and therefore there was not "proper service of an incarcerated parent."

However, by his own admission, Flow appeared at the termination hearing, participated in the hearing, and made no objection regarding service of process at the hearing. Although service of valid process is necessary to give a court jurisdiction over a defendant, the defense of personal jurisdiction may be waived. *Affordable Bail Bonds v. State*, 2015 Ark. App. 44. Therefore, this argument has been waived. *See Vico Corp. v. State ex rel. McDaniel*, 2011 Ark. 124, at 9, 380 S.W.3d 411, 419. Yet, Flow contends that because the circuit court ruled on service of process and relied on valid service in order to terminate

---

[3] Arkansas Code Annotated section 9-27-341(b)(2)(A) provides that the petition to terminate parental rights shall be served as required under Rule 5 of the Arkansas Rules of Civil Procedure. Flow was served pursuant to Rule 4 of the Arkansas Rules of Civil Procedure because he was not represented by counsel at the time. Arkansas Code Annotated section 9-27-341(b)(2)(A)(i)*(b)* contains an exception to service of the petition to terminate parental rights under Rule 5, providing that service shall be made as required under Rule 4 of the Arkansas Rules of Civil Procedure if the parent is not represented by an attorney.

his rights, the issue is preserved for review. Flow cites no authority to support this claim. Our court will not consider arguments that are unsupported by convincing legal authority or argument unless it is apparent without further research that the argument is well taken. *Campbell v. State*, 2016 Ark. App. 119, 484 S.W.3d 279. We hold that because Flow did not object to the validity of service, he has waived this argument on appeal.

Flow's next argument is that the circuit court's reliance on prior convictions violated Rule 404 of the Arkansas Rules of Evidence. The record does not show that Flow made a timely and contemporaneous objection to the circuit court's admission of any prior or pending criminal matters. Flow's challenge is not to the admission of evidence but to the circuit court's weighing of that evidence against him in its final decision. Therefore, Arkansas Rule of Evidence 404 is not applicable.

Flow argues that because the circuit court relied "solely" on his past convictions for sexual abuse, the evidence does not support the court's potential-harm finding. Flow concedes that the circuit court, at adjudication, found that he had sexually abused two of the children and that this cannot be relitigated at a termination hearing. As such, Flow voluntarily abandoned his appeal of the adjudication order containing the court's finding that he had engaged in sexual intercourse and "deviant sexual activity" with W.S. and D.F.

An adjudication order is immediately appealable pursuant to Rule 6–9(a)(1)(A) of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas. In *Ashcroft v. Arkansas Department of Human Services*, 2010 Ark. App. 244, at 8, 374 S.W.3d 743, 747, we stated that "we have held that a parent's failure to appeal the rulings made in an adjudication order precludes appellate review of those findings in an appeal from a

subsequent order." *Ashcroft*, 2010 Ark. App. 244, at 8, 374 S.W.3d at 747 (citing *Lewis v. Ark. Dep't of Human Servs.*, 364 Ark. 243, 217 S.W.3d 788 (2005); *White v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 609, 344 S.W.3d 87; *Causer v. Ark. Dep't of Human Servs.*, 93 Ark. App. 483, 220 S.W.3d 270 (2005)). Specifically, in *Villasaldo v. Arkansas Department of Human Services*, 2014 Ark. App. 465, at 6–7, 441 S.W.3d 62, 66, our court noted that Villasaldo did not appeal from the adjudication order in which the circuit court found that she had failed to protect J.G. from abuse. Accordingly, we did not question whether she indeed failed to protect her son from abuse because that fact had been established. *Id.* Such is the case here.

Flow's egregious acts of sexual abuse were properly admitted into evidence without objection and are clear evidence of potential harm. These findings made at the adjudication hearing were not appealed, thereby establishing these facts. In its termination order, the circuit court adopted its findings from the adjudication hearing. The court did not rely "solely" on Flow's past convictions to find potential harm, and Flow did not appeal the findings made at the adjudication hearing. As a result, we affirm on this point.

Flow's final argument is that the circuit court erred by denying his motion for continuance. The basis of his motion, made two days before the scheduled termination hearing, was to "allow him a reasonable opportunity to defend his criminal matters" that related to the allegations in the present case. It was immediately denied. Flow renewed his motion at the beginning of the termination hearing, and it was again denied.

The grant or denial of a motion for continuance is within the sound discretion of the circuit court, and we will not reverse a denial of a motion for continuance absent an abuse of discretion amounting to a denial of justice. *Smith v. Ark. Dep't of Human Servs.*, 93 Ark. App. 395, 401, 219 S.W.3d 705, 708 (2005). Lack of diligence by the moving party is a sufficient reason to deny a motion for continuance. *Id.* Additionally, we will not reverse absent a showing of prejudice from the denial of the motion for continuance. *Id.*

In this case, the circuit court did not abuse its discretion, and Flow cannot demonstrate prejudice. Our caselaw is clear that the existence of pending criminal charges relating to events at issue in a termination case does not automatically require a stay of the termination case until those charges are resolved. *Hathcock v. Ark. Dep't of Human Servs.*, 347 Ark. 819, 825, 69 S.W.3d 6, 9–10 (2002). The Arkansas Supreme Court has repeatedly stated that the decision to stay termination proceedings pending the outcome of a related criminal case is within the sound discretion of the circuit court and involves balancing the interests of all parties. *Id.* The circuit court denied the continuance, reasoning that the children should not be forced to wait "in limbo" pending the uncertain date of the

resolution of a separate criminal proceeding. This explanation was neither improvident nor without due consideration, and moreover, Flow has failed to show how he was prejudiced by the denial; therefore, we cannot conclude that the circuit court abused its discretion in denying Flow's motion for continuance.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Dusti Standridge*, for appellant.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.