Cite as 2021 Ark. 34

# SUPREME COURT OF ARKANSAS
**No.** CR–20–143

|  |  |
|---|---|
| | **Opinion Delivered:** February 18, 2021 |
| DONALD ADAMS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-18-221]<br><br>HONORABLE BRAD L. KARREN, JUDGE<br><br>AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

On July 25, 2019, a Benton County Circuit Court jury convicted appellant Donald Adams of rape, second-degree sexual assault, and third-degree domestic battery. He was sentenced to life, 240 months', and 12 months' imprisonment, respectively. On appeal, Adams argues the circuit court should have excluded as hearsay a journal entry, list, and letter written by the victim. Additionally, he argues the circuit court abused its discretion by admitting evidence of his attempt to commit suicide during his arrest. We affirm.

I. *Background*

On January 26, 2018, J.A., Adams's sixteen-year-old daughter, called 911 after her father physically assaulted her. Officers with the Benton County Sheriff's Office responded to the domestic-disturbance report. After interviewing Adams and J.A., officers arrested Adams for third-degree domestic battery, and he was later released on bail. As required with allegations of domestic battery, officers performed a lethality assessment in which they asked

J.A. a series of questions, including whether Adams had ever forced her to have sex. J.A. answered yes to this question. In response to this disclosure, Detective Richard Conner arranged for J.A. to undergo a forensic interview at the Child Advocacy Center. During the interview, J.A. mentioned she had written some letters that she had given to a friend at school. Detective Conner followed up on this information and collected the two documents from J.A.'s friend. These documents corroborated J.A.'s abuse allegations against her father.

Detective Conner subsequently obtained a search warrant for Adams's home. While executing the warrant, officers found Adams barricaded in a closet, holding a knife to himself and threatening to end his life. A SWAT team negotiator was called to the scene and eventually convinced Adams to surrender. After Adams was arrested, law enforcement resumed their search of the home, and J.A.'s journal was discovered, which contained an entry further corroborating her abuse allegations.

At trial, J.A. testified Adams first raped her not long after she turned thirteen years old. Adams apologized for his actions and promised it would not happen again; however, he raped J.A. a few months later. By the time J.A. was fifteen years old, Adams was assaulting her on a regular basis. J.A. testified that a few days prior to her phone call with law enforcement, she reached out to a friend at school and gave her a list of abusive acts committed by her father for safekeeping. J.A. also gave her friend a letter that further detailed her father's abuse. She intended to give the letter to a teacher or someone with authority but ultimately did not, fearing it would result in her separation from her two younger sisters. Adams testified in his own defense. He admitted committing physical abuse against J.A. but denied ever having sex with her.

At the conclusion of evidence, the jury found Adams guilty of rape, second-degree sexual assault, and third-degree domestic battery. He was sentenced to terms of life, 240 months, and 12 months imprisonment, respectively. This appeal followed.

## II. *Standard of Review*

Circuit courts have broad discretion in deciding evidentiary issues, and their rulings on the admissibility of evidence will not be reversed absent an abuse of discretion. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. Further, we will not reverse unless the appellant demonstrates that he was prejudiced by the evidentiary ruling. *Id*.

## III. *Victim's Writings*

Adams first argues that the circuit court erred by allowing the State to introduce into evidence J.A.'s journal entry, list, and letter. Specifically, he contends these documents were inadmissible hearsay under Arkansas Rules of Evidence 801 and 802. In response, the State contends Adams's hearsay argument is not preserved for review.

We first address the State's position that Adams failed to preserve the issue for review. Adams moved to exclude J.A.'s journal entry, list, and letter at a pretrial hearing, arguing their contents were hearsay that did not satisfy any applicable exception. The State conceded the documents were hearsay but maintained they should be admitted to corroborate J.A.'s allegations. Following the hearing, the circuit court entered a written order ruling on the admissibility of the documents:

> 6.     The Defendant argues that journals and documents that the victim wrote and later provided to a friend at school should be excluded as hearsay. The Court finds that the written items will be admissible under Arkansas Rule of Evidence 803(3), Then Existing Mental, Emotional, or Physical Condition, if the items are shown to be a chronological record in close proximity to the time of the alleged event.

3

At trial, the State introduced the list and letter into evidence as exhibits 7 and 8, respectively, and the journal entry was introduced as exhibit 21. Adams did not raise a contemporaneous objection to the admission of these three exhibits.

To preserve an issue for appeal, a defendant must make an objection contemporaneously with the alleged error. *Stewart v. State*, 332 Ark. 138, 964 S.W.2d 793 (1998). The failure to object prevents him from asserting on appeal any error on the part of the circuit court for admitting the evidence. *McClain v. State*, 361 Ark. 133, 205 S.W.3d 123 (2005). However, this court has frequently observed that when a pretrial motion in limine has been denied, the issue is preserved for appeal, and no further objection at trial is necessary. *See, e.g.*, *Morris v. State*, 358 Ark. 455, 193 S.W.3d 243 (2004).

The State now asserts that the circuit court did not make a definitive ruling on the admissibility of J.A.'s writings. As a result, the State claims Adams was required to make a contemporaneous objection to preserve his hearsay argument for appeal, and his failure to do so precludes this court's review of the issue. To support its position, the State relies on *Johnson v. State*, 2013 Ark. 494, 430 S.W.3d 755, wherein Johnson moved to exclude certain testimony as evidence of prior bad acts. While Johnson's objection was discussed at a pretrial hearing, this court noted that the circuit court never gave a definitive ruling. Because the circuit court did not clearly overrule the objection and specifically told the parties they could object to the testimony at trial, we held that the evidentiary issue was not preserved for appeal in the absence of a contemporaneous objection by Johnson.

Our ruling in *Johnson* is inapplicable in the present case. In *Johnson*, the circuit court refused to rule on the motion in limine and informed the parties any objections may be

raised at trial. Here, the court held that "the written items will be admissible under Arkansas Rule of Evidence 803(3)." While the court conditioned the writings' admission upon a showing that they were written in close proximity to the time of the alleged events, we conclude the court's ruling is sufficiently clear in its intent to deny Adams's motion. Thus, Adams preserved for appeal the issue of hearsay.

We now turn to the merits of Adams's hearsay argument. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Ark. R. Evid. 801(c). Adams asserts on appeal that the circuit court abused its discretion in finding J.A.'s writings fell within the hearsay exception provided in Arkansas Rule of Evidence 803(3) for statements of the declarant's then–existing mental, emotional, or physical condition. He claims the writings contain statements from memory, which are excluded under the rule.

Nevertheless, it is unnecessary for us to consider whether the circuit court's ruling was erroneous. *See Clark v. State*, 323 Ark. 211, 913 S.W.2d 297 (1996) (citing *Gatlin v. State*, 320 Ark. 120, 895 S.W.2d 526 (1995)). The availability of the declarant for cross-examination renders harmless any error caused by the admission of hearsay. *Dixon v. State*, 2011 Ark. 450, 385 S.W.3d 164. In addition, evidence that is merely cumulative or repetitious of other evidence admitted without objection cannot be prejudicial. *Edison v. State*, 2015 Ark. 376, 472 S.W.3d 474. Here, J.A. testified that she had gone to her father one night after having a nightmare when she was thirteen years old. She testified that Adams turned her around and inserted what she believed to be his penis into her vagina. J.A. testified she became scared and locked herself in the bathroom. Adams came to the door

5

and apologized and asked her not to tell anyone. J.A. testified that several months later, Adams put her on her back and placed his penis inside her vagina. Additionally, Adams would touch her breasts and vagina with his hands. J.A. further stated Adams would put his penis in her mouth. Also, J.A. testified Adams would ejaculate during their sexual encounters. As J.A. grew older, Adams's sexual demands became more aggressive and increased in frequency. On cross-examination, J.A. was questioned about her journal entry and letters, and she explained her reasoning for documenting her father's abuse. Thus, J.A. testified at trial and was subject to cross-examination, and her testimony evidenced her rape. The abuse allegations contained in J.A.'s writings were largely cumulative of her testimony, and any error resulting from the writings' admission was rendered harmless when J.A. took the stand.

IV. *Suicide Threats*

For his second point on appeal, Adams contends the circuit court abused its discretion by allowing the State to introduce evidence of suicide threats made during his arrest. Prior to trial, Adams moved to exclude evidence of his attempts to commit suicide during his arrest and while in jail. The circuit court granted his motion, holding the introduction of information on the suicide attempts would be overly prejudicial under Arkansas Rule of Evidence 403. However, in a subsequent order, the circuit court clarified its position on the suicide attempts. The court ruled the State would still be precluded from presenting testimony regarding Adams's suicide attempt in jail, but the State would be allowed to present testimony and evidence detailing the entirety of his arrest, including that he was not cooperative and threatened to harm himself during interactions with law enforcement. The

6

court concluded that Adams's actions during his arrest could be offered to prove consciousness of guilt. At trial, Detective Conner and Detective David Undiano testified to Adams's suicide threats. The State also played a video recording of the arrest for the jury.

On appeal, Adams argues the circuit court never reversed its finding that the suicide threats were prejudicial; therefore, the evidence remained inadmissible. Rule 403 provides that relevant evidence may be excluded if the danger of unfair prejudice substantially outweighs its probative value.

In reversing its ruling on the admissibility of suicide threats Adams made during the arrest, the circuit court relied on *Strong v. State*, 372 Ark. 404, 277 S.W.3d 159 (2008). In *Strong*, the defendant objected on the basis of relevance when the State inquired as to how many times he had attempted to overdose since he was made aware of rape allegations against him. The circuit court allowed the questioning as tending to show knowledge of guilt. On appeal, we concluded the circuit court did not abuse its discretion by admitting testimony regarding the defendant's overdose attempts, observing that many jurisdictions have held that an accused's attempted suicide is admissible as evidence of guilt. Evidence offered by the State is likely to be prejudicial to the accused, or it probably would not be offered, but the evidence should not be excluded unless the accused can show that it lacks probative value in view of the risk of unfair prejudice. *See Morris v. State*, 367 Ark. 406, 240 S.W.3d 593 (2006). While the circuit court may not have reversed its finding of prejudice concerning the suicide threats, it clearly found the evidence's relevance outweighed prejudicial impact upon reexamination of the issue.

Additionally, Adams argues he was prejudiced by the circuit court's last-minute reversal on the admissibility of the suicide threats he made during his arrest. He contends he had prepared for trial with the understanding that such information was inadmissible only for the court to rule the day before trial that the evidence would be admissible. Adams relies on *Bedell v. Williams*, 2012 Ark. 75, 386 S.W.3d 493, for the proposition that eve-of-trial evidentiary rulings that significantly impact the course of litigation are frowned upon. In *Bedell*, we held that the circuit court abused its discretion by excluding relevant evidence at the last minute, thereby stripping the appellants of an entire defense that had been developed throughout the litigation. The circuit court's ruling in this case had no such impact. Adams was not stripped of a defense; rather, the court's reversal allowed the State to present evidence relevant to its case. Moreover, the court noted at the initial hearing that its ruling on the matter was subject to change.

Under the doctrine of res gestae, the State can introduce evidence showing all the circumstances surrounding the charged act. *Reid v. State*, 2019 Ark. 363, 588 S.W.3d 725. The doctrine provides context to the crime and places the jury in possession of the entire transaction. *Id*. Notably, res gestae is presumptively admissible. *Id*. It is well settled that the acts, conduct, and declarations of the accused, before or after the crime, may furnish necessary corroboration. *Taylor v. State*, 2010 Ark. 372, 372 S.W.3d 769. For example, this court has held that flight following the commission of an offense may be considered corroboration of evidence tending to establish guilt. *Chapman v. State*, 343 Ark. 643, 38 S.W.3d 305 (2001). Likewise, evidence that Adams barricaded himself in a closet and threatened suicide while law enforcement executed a search warrant at his home was

relevant to show consciousness of guilt and constituted res gestae evidence. Accordingly, the circuit court did not abuse its discretion in admitting such evidence.

V. *Rule 4-3(a) Review*

In compliance with Arkansas Supreme Court Rule 4-3(a), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Adams. No prejudicial error has been found.

Affirmed.

KEMP, C.J., and WEBB, J., concur.

**JOHN DAN KEMP, Chief Justice, concurring.** I agree with the majority that appellant Donald Adams's convictions should be affirmed. I write separately to address his first point on appeal—that the circuit court abused its discretion by admitting several of the victim's writings into evidence over Adams's hearsay objection. The majority holds that the circuit court's pretrial ruling was sufficient to preserve Adams's evidentiary argument for appellate review. I disagree. In my opinion, Adams failed to preserve the point for appeal. Thus, I respectfully concur.

At a pretrial hearing on Adams's motion in limine, the circuit court addressed the admissibility of the victim's writings as follows:

> All right, here's how I'm going to rule. Under Arkansas Rules of Evidence, I do find this is hearsay unless there is an exception to your statement. I find that under 803(3), Declarant's then existing state of mind found under . . . *Wedgeworth v. State*, 2012 Ark. 63, if this is talking about the then-existing state of mind and it's a chronological order in close proximity to the time of the event, then it's coming in. Of course, not having heard it at this point, I don't know, but if it's—if it's talking about her then-existing state of mind and it's chronological, it's coming in.

9

> Now, I'm being very specific about that ruling and I understand what you're talking about [with] this other officer. Clearly, there's going to have to be some disclosure of other information to [Adams's trial counsel] for that. . . . But right now those are coming in under my specific ruling right now.

In its written order on the admission of the victim's writings, the circuit court found that

> 6. The Defendant argues that journals and documents that the victim wrote and later provided to a friend at school should be excluded as hearsay. The Court finds that the written items will be admissible under Arkansas Rule of Evidence 803(3), Then Existing Mental, Emotional, or Physical Condition, *if the items are shown to be a chronological record in close proximity to the time of the alleged event*.

(Emphasis added.) When the victim's writings were introduced as exhibits at trial, Adams did not contemporaneously object, and he did not seek a final ruling on their admissibility.

This court has held that a circuit court's preliminary or qualified ruling does not preserve an argument for appeal when there is no contemporaneous objection at trial. *See, e.g.*, *Ward v. State*, 370 Ark. 398, 403–04, 260 S.W.3d 292, 296–97 (2007); *Alexander v. State*, 335 Ark. 131, 133, 983 S.W.2d 110, 111 (1998) (Circuit court's pretrial ruling "that the testimony would be admissible 'with what the court knows at this time' was clearly a preliminary or qualified ruling" that failed to preserve the point for appellate review).

Here, in my view, the circuit court's pretrial ruling was contingent on future events and constituted only a preliminary ruling, not a final ruling, for purposes of preservation. Although we have said that the denial of a pretrial motion in limine preserves an argument for appeal, *see, e.g.*, *Morris v. State*, 358 Ark. 455, 457–58, 193 S.W.3d 243, 246 (2004), there is not a clear denial of the motion in limine on the victim's writings in this case. The circuit court's ruling was conditional. Thus, I would hold that Adams's argument is unpreserved for appeal, and I would not address it. For this reason, I respectfully concur.

10

WEBB, J., joins.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.